**Walter I. MEAD, Petitioner,**

v.

**Ray H. PAGE, Warden, Respondent.**

**No. A–15671.**

Court of Criminal Appeals of Oklahoma.

March 4, 1970.

Walter I. Mead, pro se.

G. T. Blankenship, Atty. Gen., for respondent.

## MEMORANDUM OPINION

BUSSEY, Judge.

Petitioner, Walter I. Mead filed an application in this Court for a post conviction review of the judgment and sentence rendered against him in the District Court of Grady County, Case No. 4323, wherein he was sentenced to serve a term of seven (7) years imprisonment in the state penitentiary after having entered a plea of guilty thereto. On the 18th day of November, 1969, this Court ordered that an evidentiary hearing be held in the District Court to determine if the defendant had been denied any right relating to an appeal. In accordance with the Order of this Court, a hearing was conducted in the District Court of Grady County and at the conclusion of said hearing the trial court transmitted to this Court a transcript of the proceedings on the plea of guilty taken at the time of entry of said plea and a transcript of the evidentiary hearing. Accompanying said transcripts the trial court entered the following Findings of Fact, which are amply supported by the transcripts:

"PURSUANT to order to conduct evidentiary hearing issued by the Court of Criminal Appeals of the State of Oklahoma in the above entitled matter on November 18, 1969, an evidentiary hearing was held by the Trial Court on December 11 and 15, 1969. The Petitioner, Walter I. Mead, being present in person at said hearing, at which hearing he was represented by Mr. Red Ivy, attorney of Chickasha, Oklahoma. After the completion of said hearing the Trial Court makes the following Findings of Fact:

Petitioner, Walter I. Mead, appeared before the District Court of Grady County, Oklahoma on September 5, 1968 for arraignment on the charge of burglary, second degree; the defendant was immediately advised of his right to be represented by counsel at his arraignment and that counsel would be appointed for him in the event he could make a proper showing that he was indigent and financially unable to employ his own counsel. Defendant advised the Court that he had completed the twelfth grade in school, was thirty-six years of age, and that he did not want a lawyer to represent him, and that he specifically desired to waive his right to counsel, and advised the Court he knew what he was doing. The Information was read to the defendant and he was thereafter asked by the Court to plead to the charge, whereupon the defendant stated he wanted to enter a plea of guilty to the charge. Before proceeding further it was ascertained by the Trial Court that the defendant had been fully advised of his right to a jury trial and all of his Constitutional rights and after having them fully explained to him by the District Attorney's office he had signed a written waiver of his Constitutional rights, which was received as evidence at the arraignment. Thereupon the Court again fully explained to the defendant his Constitutional rights and his right to a jury trial orally, and after determining that defendant desired to waive his Constitutional rights for the purpose of entering a plea of guilty, and that defendant did voluntarily and intelligently waive his Constitutional rights, the said waiver was accepted by the Court. The Court thereupon ascertained that defendant fully understood the charge against him, the minimum and maximum statutory punishment of the offense with which he was charged carried, and after advising him of his rights to remain silent, to plead not guilty, or plead guilty, asked the defendant how he desired to plead to the charge. Whereupon the defendant stated he desired to plead guilty and the Court thereupon ascertained that said plea on the part of the defendant was being made voluntarily and intelligent-

ly, and the Court accepted said plea. The Court thereupon advised the defendant of his right to a 48-hour delay before sentencing, and upon request of the District Attorney's office, with concurrence by the defendant, sentencing was delayed for a period of one week, and on request of the District Attorney's office the defendant was released on his own recognizance until one-thirty o'clock p. m. on September 12, 1968, at which time he was to appear for sentencing. The District Attorney stated into the record his understanding with the defendant, that if defendant failed to appear at the time set for sentencing and it was necessary that a bench warrant be issued for his apprehension that in that event he was going to recommend the maximum of seven years. On the other hand if defendant did appear for sentencing on September 12, 1968, as he agreed to do, his recommendation would be four years. On September 12, the date set for sentencing, the defendant failed to appear and a bench warrant was issued for his arrest.

In April 1969, some six months later, defendant was apprehended, and on April 23, 1969 was brought before the Trial Court for sentencing, and on recommendation of the District Attorney's office defendant was sentenced to the custody of the Department of Corrections of the State of Oklahoma for a term of seven years. At the hearing defendant admitted that he had six prior felony convictions.

Immediately after defendant was sentenced he was fully advised by the Trial Court of his appeal rights, at which time defendant orally advised the Court he desired to appeal, and asked for an attorney to be appointed for him for that purpose. A hearing was immediately held by the Trial Court to ascertain if defendant was an indigent, and it was then determined that the defendant was in fact indigent, and entitled to the appointment of an attorney. At the request of the defendant bond pending the appeal was set at $5,000, and after some conversation defendant asked for arrangements to be made for him to contact a former employer whom he felt might be

willing to make his bond so he could get out of jail pending the appeal, and arrangements for him to make the necessary telephone call was then made with the Sheriff's office. Defendant was unable to make bond, and Mr. Wilson Smithen, an attorney of Chickasha, Oklahoma was appointed to represent him in conection with his appeal on April 24, 1969.

On April 29, 1969 the defendant, together with his attorney, Mr. Wilson Smithen, and a representative of the District Attorney's office appeared before the Trial Judge at the request of defendant's counsel, Mr. Smithen. Whereupon Mr. Smithen, in the presence of the defendant, made a statement to the Court that after several consultations with the defendant that he, Mr. Smithen, had received a call from the jailer stating that Mr. Mead, the defendant, desired to be transported down to McAlester. At the time of sentencing the defendant had been advised he would be kept in the County Jail in Chickasha for a period of eleven days so he would be available in connection with his appeal. The defendant was then asked in open court what his wishes were. After some conversation he advised the Court that he had decided not to appeal the case and wanted to go ahead and take the seven years and go on to McAlester. Defendant further stated that he felt that he didn't have any choice in the matter. Upon questioning by the Court it was brought out that the District Attorney's office had several other charges that they could file against the defendant, and also, that if defendant was successful in an appeal in getting a new trial there was a possibility he would then be charged after former conviction of a felony under the habitual criminal statute, which was not the case in the charge on which defendant had pled guilty. Defendant stated because of that possibility he had decided the best thing for him to do was not appeal, but go ahead and take the seven years. In open court the District Attorney's office stated they had some fifteen other charges that could be filed against the defendant, but they did not anticipate filing them; that no

decision had been made as to what would be done with these other charges in case the defendant did appeal, but their recommendation of seven years in the case took into consideration these other charges which had not yet been filed, and that their agreement with the defendant was if he took the recommended sentence these other charges would not be filed.

Mr. Wilson Smithen, attorney for the defendant, suggested that since only four days remained of the ten day period during which defendant could commence his appeal, that it would be better if the defendant remained in the County Jail in Chickasha for that period so that defendant could instruct him within the next four days if he should change his mind and desire to appeal the case, and defendant thereupon agreed to stay the remaining four days. Thereafter the defendant and Petitioner, Walter I. Mead, did not at any time instruct his lawyer, Mr. Wilson Smithen, to file any notice of intention to appeal in the case. Defendant did request his lawyer to obtain a copy of the transcript of the record for him, but upon being advised that he could not get a transcript unless he wanted to appeal, defendant instructed Mr. Smithen to forget it, and on May 6, 1969, defendant was transported to the penitentiary at McAlester.

Near the conclusion of this evidentiary hearing defendant, Walter Mead, was asked by his counsel if he would like to have his right of appeal reinstated and his transcript furnished to him, to which he answered No. He stated he just wanted the record to show that he was denied his transcript, that he didn't have an attorney at any phase of the game, and that he was threatened with the other charges was the reason he didn't appeal. He was then asked by the Court his purpose in wanting the transcript, and he again advised the Court that he didn't want to appeal the case now, but if the Court of Criminal Appeals wanted to· grant him a post conviction appeal it would be alright. Dated this 29th day of December, 1969.

/s/ Sam M. Williams
SAM M. WILLIAMS,
DISTRICT JUDGE"

From even the most cursory examination of the Findings of Fact, above set forth, it is abundantly clear that the Petitioner was not denied any right relating to an appeal, but to the contrary, it affirmatively appears that he waived his right to appeal within the time in which the original appeal could have been perfected. It further appears that the Petitioner does not now desire a post conviction appeal, but if this Court wishes to grant it he has no objection to the same. Under these circumstances we are of the opinion, and therefore hold, that the Petitioner is not entitled to a post conviction appeal.

The application for Post Conviction Appeal is accordingly

Denied.

BRETT, P. J., and NIX, J., concur.